The Court were just about to deliver an opinion, when it was observed by Mr. Marshall, that it did not appear in the record, or by the decree, that publication against Campbell had been made in the Gazette, which ought to have been done, he being an absent debtor, and not served with the process—that without a publication Campbell was no party to the suit: and therefore a decree against persons called upon to pay his money, would be as improper as if he had been personally decreed to pay it. And though the Chancellor ordered that publication should be made, yet the execution of that order is not to be presumed, unless there be evidence of it in the record.
A certificate was then produced from the Clerk of the High Court of Chancery, stating that due publication had been made % but this was not considered as sufficient by a majority of the Court.
In answer to the objection, it was argued that no person could take advantage of this omission but Campbell, who had not appealed.
But the Court, for this reason only, reversed the decree, and sent back the cause to the High Court of Chancery. * ,(1)

 The Chancellor having corrected the error by stating in bis decree, that evidence of publication was proved to him, the canse went back to the Special Court of Appeals, where the decree was affirmed in toto.

 Tazewell's ex. v. Barrett & Co. 4 Hen, & Munf. 262. Miller v. Beverleys, ib. 415. Hadfield v. Jameson, 2 Mnnf. 53.